UNIGINAL

Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

'09 MAY 27 PM 4: 04

CLERK OF COURT

**IN THE SUPERIOR COURT**
**OF GUAM**

IN THE MATTER OF THE ESTATE )      Probate Case No. PR0084-08
                    )
           of                )
                    )      **DECISION AND ORDER**
LUISA F. TORRES,           )      re: adequacy of notice
                    )
         Deceased.       )
_____ )

This matter came before the Honorable Judge Michael J. Bordallo on April 13, 2009. The Petitioners Joleen Flores Respicio and Melissa V. Torres were represented by Attorney Daniel J. Berman. Francisco Calvo Torres Jr., was represented by Attorney Arthur B. Clark. Having heard the arguments and reviewed the memorandum and papers presented, the court now issues the following decision finding Petitioners have failed to adequately publish notice for this hearing.

## BACKGROUND

The instant matter arises out of an petition for letters of administration with the will annexed.

## DISCUSSION

Francisco Calvo Torres Jr., (hereafter F.C. Torres)objects to the adequacy of the notice provided by Petitioners. *Objection* at 1. F.C. Torres supports his objection by arguing that the notice requirements of the statute are jurisdictional and asserts that Petitioners failed to publish adequate notice because they were published 2 days sooner than required.[1] In response Petitioners argue that the cases relied upon by F.C. Torres are distinguishable and not relevant to the case at hand. *Resp.* at 2.

---

[1] Because F.C. Torres' second argument, that the notice was also insufficient because it was not posted in the village the Decedent resided, was not raised in his memorandum prior to the hearing, it will not be analyzed by this decision.



The court is unpersuaded by Petitioners' attempt to distinguish the legal authority cited by F.C. Torres. A hearing regarding the issuance of letters of administration with the will annexed, has yet to be held by this court. Prior to a court acquiring jurisdiction over a person's estate a petitioner is required to comply with the notice provisions dictated by statute. see, *Taitano v. Calvo Finance Corp.*, 2008 Guam 12, ¶32 (Guam Sup Ct. 2008); *In re Wise's Estate*, 210 P.2d 497, 500 (Cal. 1949); see, *Huggins v. Powell*, 293 Ga.App. 436, 667 S.E.2d 219, 08 FCDR 2841, Ga. App., August 27, 2008 .

Objections to adequate notice are jurisdictional and may be raised by a party at anytime. Guam R. Civ. P. 60(b) (2008). F.C. Torres's objection is relevant to whether the court has jurisdiction. Section 3401 requires that notice of the hearing for letters of administration and proof of a will be given by petitioner, "by publishing notice of such hearing in a daily newspaper of general circulation in the territory of Guam for three (3) consecutive days, the last of which publications shall be not more than ten (10) calendar days prior to the date set for such hearing." 15 Guam Code Ann. §3401 (2008).

In this case the Petitioners' January 26 declaration provides that the amended notice of hearing on petition for probate of will was published on January 22, 23, and 24. The notice provided that a hearing would be held on February 5, 2008; 12 days after the final notice. Petitioners have not provided the court with any evidence that the notice of the hearing was provided according to the mandates of § 3401. Absent such a showing, the court is without jurisdiction to entertain the Petition. In this case the court is bound by the statutory mandates and is without the discretion to depart from them.

## CONCLUSION

For the reasons above the objection of F.C. Torres is sustained. Prior to acquiring jurisdiction Petitioners shall be required to comply with the notice provisions of the Guam Probate Code. The hearing previously set by this court for further proceedings in this matter is vacated.

SO ORDERED this 27 day of May 2009.

_____
Honorable Michael J. Bordallo
Judge, Superior Court of Guam